WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eulandas J. Flowers, | No. CV-14-08184-PCT-JAT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Sandra Lawrence, et al., | |
| Defendants. | |

    Pending before the Court is Plaintiff's Motion for the Appointment of Counsel (Doc. 15) and Memorandum of Law in Support of Plantiff's [sic] Motion for Appointment of Counsel (Doc. 16) filed January 20, 2015.  Plaintiff asserts that his case in complex, his ability to conduct discovery and research is limited by his incarceration and segregation, credibility will be an issue regarding the witnesses, Plaintiff is indigent, and Plaintiff is not trained in the law.  Plaintiff additionally has filed a Declaration in Support of Plantiff's [sic] Motion for Appointment of Counsel (Doc. 17).

    There is no constitutional right to the appointment of counsel in a civil case.  *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Coors. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)).  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his

claims *pro se* in light of the complexity of the legal issues involved'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F3.d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff has not demonstrated a likelihood of success on the merits at this early stage of the case, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. Plaintiff's filings with the Court, as well as the instant motion, indicate that Plaintiff is capable of navigating his proceedings and presenting arguments to the Court. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."). Plaintiff is in no different position that many *pro se* prisoner litigants. Having failed to show that exceptional circumstances are present, Plaintiff's request for appointment of counsel will be denied. Accordingly,

IT IS ORDERED that Plaintiff's Motion for the Appointment of Counsel (Doc. 15) is denied.

Dated this 3rd day of February, 2015.

_____
Honorable Eileen S. Willett
United States Magistrate Judge