WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eulandas J. Flowers, | No. CV-14-08184-PCT-JAT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Sandra Lawrence, et al., | |
| Defendants. | |

Plaintiff is a prisoner confined in the Arizona State Prison Complex-Eyman in Florence, Arizona. He filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). By Order issued December 2, 2014 (Doc. 9), the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(A) to determine legal sufficiency. Plaintiff sought to cure noted deficiencies by filing a Motion for Leave to File an Amended Complaint (Doc. 10). By Order (Doc. 27) issued April 1, 2015, the Court screened the proposed Amended Complaint (Doc. 11) and granted Plaintiff leave to amend his Complaint. Count I of the Amended Complaint alleges a violation of the Eighth Amendment prohibition against cruel and unusual punishment arising from excessive force used against Plaintiff by Defendant Young and a failure to intercede by Defendants L. Marshall and Batchlor. Count II of the Amended Complaint alleges a violation of the Eighth Amendment as well as a violation of Article 2 of the Arizona Constitution. Plaintiff alleges that he was denied basic necessities and medical treatment as a result of the actions and omissions of Defendants S. Lawrence, Contreas, L. Marshall, Coleman,

Young, Dean, Shane and Batchlor committed while Plaintiff was on defecation watch. Defendants L. Marshall, Young, Coleman, Contreas, S. Lawrence, Shane, Dean filed an Answer (Docs. 29, 42, 48) to Plaintiff's First Amended Complaint (Doc. 26). Service was returned unexecuted as to Defendant Batchlor (Doc. 46).

Pursuant to the Court's Order of April 1, 2015, Plaintiff is required to serve Defendant Batchlor "within 120 days of the filing of the Amended Complaint or within 60 days of the filing of the Court's Order, whichever is later . . . ." (Doc. 27 at 2). *See also* Rule 4(m), Fed. R. Civ. P.; LRCiv 16.2(b)(2)(B)(i). Plaintiff has failed to timely serve Defendant Batchlor. Therefore,

IT IS ORDERED that Plaintiff show cause no later than December 30, 2015 why the First Amended Complaint should not be dismissed for failure to prosecute as to Defendant Batchlor.

Pending before the Court are the following: Defendants' Motion to Stay Discovery and to Continue Deadlines (First Request) (Doc. 60); Plaintiff's Rule 56(F) Motion for Continuance, Declaration in Support of Plaintiff's Rule 56(F) Motion for Continuance, and Memorandum of Law (Docs. 66, 67, 68); and Plaintiff's "Motion for Enlargement of Time for Extension of Time to Answer Summary Judgement/Judgement on the Pleadings (First Request)" (Doc. 70). Further briefing is unnecessary to a determination of the issues.

By Order (Doc. 65) filed November 16, 2015, the Court extended Plaintiff's time to respond to Defendants' Motion for Summary Judgment and Alternative Motion for Judgment on the Pleadings on Count II to December 30, 2015. Therefore, Plaintiff's "Motion for Enlargement of Time for Extension of Time" (Doc. 70) will be denied as moot.

Plaintiff's Rule 56(F) Motion for Continuance (Doc. 66) will be granted. Plaintiff has set forth good cause for the Court to extend Plaintiff's time to respond to Defendants' pending Motion for Summary Judgment. Plaintiff asserts that discovery remains outstanding on the issue of exhaustion of administrative remedies. Response time has

been extended to December 30, 2015 by Order (Doc. 65) filed November 16, 2015.

Defendants' Motion to Stay Discovery and to Continue Deadlines (Doc. 60) will be granted in part and denied in part. Defendants' Motion for Summary Judgment addresses the issue of exhaustion of administrative remedies. The Court in its discretion will not further delay or stay discovery as discovery relates to the issue of exhaustion. Any discovery necessary for a full consideration of the issue of exhaustion shall proceed without delay. Discovery on the merits of Plaintiff's underlying claims will be stayed.

Accordingly,

IT IS ORDERED denying Defendants' Motion to Stay Discovery (Doc. 60) regarding the issue of exhaustion of administrative remedies.

As to all other issues,

IT IS ORDERED granting Defendants' Motion to Stay Discovery and to Continue Deadlines (Doc. 60).

IT IS FURTHER ORDERED staying discovery unrelated to the issue of exhaustion of administrative remedies pending the Court's ruling on Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Administratively Exhaust Claims and Alternative Motion for Judgment on the Pleadings on Count II (Doc. 58).

Deadlines are reset as follows:

- Last day for Plaintiff to file expert witness list and reports – 30 days after resolution of Defendants' Motion for Summary Judgment (Doc. 58);

- Last day for Defendants to file expert witness list and reports – 60 days after the resolution of Defendants' Motion for Summary Judgment (Doc. 58);

- Last day to complete discovery and supplement discovery – 90 days after resolution of Defendants' Motion for Summary Judgment (Doc. 58);

- Last day to take depositions – 90 days after resolution of Defendants' Motion for Summary Judgment (Doc. 58);

- Dispositive motion deadline – 120 days after resolution of Defendants' Motion for Summary Judgment (Doc. 58);

- Joint proposed pretrial order deadline – August 24, 2016 or 30 days after the Court's ruling on any pending dispositive motion that does not dispose of the case.

IT IS ORDERED granting Plaintiff's Rule 56(F) Motion for Continuance (Docs. 66, 67, 68).  Plaintiff shall file his Response no later than December 30, 2015.

IT IS ORDERED denying as moot Plaintiff's Motion for Enlargement of Time for Extension of Time to Answer Summary Judgement/Judgement on the Pleadings (First Request)" (Doc. 70).

Dated this 24th day of November, 2015.

_____
Honorable Eileen S. Willett
United States Magistrate Judge