WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eulandas J. Flowers,<br>　　　　Plaintiff,<br>v.<br>Sandra Lawrence, et al,<br>　　　　Defendants. | No. CV-14-08184-PCT-JAT<br>**ORDER** |

　　　Pending before the Court is Plaintiff Eulandas Flowers's Motion to Appoint Counsel pursuant to Title 28 U.S.C. § 1915(e)(1) (2012), (Doc. 112), his Declaration in Support of Motion to Appoint Counsel, (Doc. 113), and his Memorandum of Law in Support of Motion to Appoint Counsel. (Doc. 114). The Magistrate Judge has twice denied Plaintiff's motion to appoint counsel, finding that Plaintiff "failed to show that exceptional circumstances" were present in his case. (Doc. 18; Doc. 57). The Court now rules on the pending motion.

**I.**

　　　The instant matter is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983, alleging Eighth Amendment claims against Defendants for use of excessive force, failure to intervene, and deliberate indifference. (Doc. 109). On April 25, 2016, the Court found that there was a materially disputed issue of fact as to whether Plaintiff had exhausted available administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), Title 42 U.S.C. 1997e(a) (2012), and set for June 16, 2016, the

exhaustion issue for bench trial. (Doc. 116). On May 5, 2016, Plaintiff filed the pending motion for appointment of counsel.

## II.

There is no constitutional right to the appointment of counsel in a civil case. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). But the Court may appoint counsel for an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1) under "exceptional circumstances."[1] *Palmer*, 560 F.3d at 970 (quoting *Agyeman*, 390 F.3d at 1103). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). These two considerations must be analyzed together; neither is dispositive. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

## III.

Plaintiff's motion rests on the assertions that his case is complex, his ability to investigate is extremely limited due to his segregated incarceration, there is conflicting testimony present in the record, he is indigent, and that he has a likelihood of succeeding on the merits of his case. (Doc. 114 3-6). The Court notes that Plaintiff's supporting memoranda is substantially similar—indeed identical in many respects—to the memoranda filed previously. (*See* Doc. 52; Doc. 16). Twice before, the Magistrate Judge found that Plaintiff failed to demonstrate a likelihood of success on the merits, and had not shown that he was "experiencing difficulty in litigating this case because of the

---

[1] The Court has no power or authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). 28 U.S.C. § 1915(e)(1) gives the Court discretion "to 'request' that an attorney represent indigent civil litigants upon a showing of 'exceptional circumstances.'" *Dunsmore v. Paramo*, 2013 U.S. Dist. LEXIS 153656, at *2 (S.D. Cal. Oct. 22, 2013) (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)).

complexity of the issues involved." (Doc. 15 at 2; Doc. 53 at 2). At this stage of the proceedings, the Court must more closely scrutinize Plaintiff's inability to "handle issues of conflicting testimony and credibility on his own," particularly where Plaintiff's claim will be tried by a jury. *Eusse v. Vitela*, 2015 U.S. Dist. LEXIS 93441, at *6 (S.D. Cal. July 16, 2015); *Morgai v. Maricopa County Board of Supervisors*, No. CIV 07-0670-PHX-RCB, 2012 U.S. Dist. LEXIS 102432, at *10 (D. Ariz. July 24, 2012). Nonetheless, having reviewed Plaintiff's motion and supporting memorandum, the Court finds that Plaintiff has failed to carry his burden under 28 U.S.C. § 1915(e)(1).

Even assuming that Plaintiff has demonstrated that he is likely to succeed on the merits of his claim,[2] Plaintiff has yet to establish that he is unable to articulate his claims "in light of the complexity of the legal issues involved," and that "exceptional circumstances exist." To date, Plaintiff has shown that he is capable of intelligently arguing his position and has demonstrated an understanding of the law and facts relating to his claim against Defendants. For example, most recently, Plaintiff successfully opposed Defendants' motion for summary judgment on the issue of Plaintiff's failure to exhaust his administrative remedies. (Doc. 109). Plaintiff's opposition included a succinct recitation of the facts, presented clear and cogent arguments based on the applicable law, and even included a contravening statement of facts complete with attached contributions to the record for the Court to consider. (Doc. 81; Doc. 82). In short, Plaintiff substantially complied with the requirements of Fed. R. Civ. P. 56, and successfully argued that a genuine issue of material fact exists with respect to exhaustion of available administrative remedies. Plaintiff's successful opposition of Defendants' dispositive motion continues the trend of Plaintiff submitting briefs and motions that make clear points and present arguments effectively. The pending motion, while substantially similar to prior motions to appoint counsel, still presents clear, sound arguments and relies on newly cited and applicable persuasive authority.

---

[2] Plaintiff has successfully shown that a genuine dispute exists as to whether he exhausted his available administrative remedies in accordance with the PLRA's requirements.

As the Magistrate Judge previously noted, "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331. The Court is cognizant of Plaintiff's pro se status, and his lack of experience in conducting cross examination and, generally, with in-court litigation. But Plaintiff has "demonstrated sufficient writing ability and legal knowledge to articulate his claim," *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), and has "repeatedly proven himself to be an able litigant" through the submission of "well-articulated motions to date." *Dunsmore*, 2013 U.S. Dist. LEXIST 153656, at *4; *see also Palmer*, 560 F.3d at 970 (finding no abuse of discretion where the district court refused to appoint counsel in light of pro se prisoner's ability to "present evidence effectively" and to do "quite a good job" litigating his case); *Agyeman*, 390 F.3d at 1103; *Terrell*, 935 F.2d at 1017. Moreover, the issue of exhaustion will be adjudicated by a bench trial, allowing the Court to take special precautions to "avoid undue prejudice to the pro se litigant." *Abdullah v. Gunter*, 949 F.2d 1032, 1036 (8th Cir. 1991).

In sum, Plaintiff has failed to differentiate himself from the position of many pro se prisoner litigants, (Doc. 57), and has demonstrated that he is able to "articulate his claims" in light of the relative complexity of the matter. *See Morgai*, 2012 U.S. Dist. LEXIS 102432, at *11 (citation omitted) (noting that the traditional difficulties "which any litigant would have proceeding pro se . . . do not indicate exceptional factors"); *Miller v. Lamontagne*, 2012 U.S. Dist. LEXIS 66452, at *1 (S.D. Cal. May 11, 2012) (noting that traditional access and logistical difficulties merely demonstrate the difficulties any prisoner would have litigating pro se and do not constitute exceptional circumstances). The exceptional circumstances that might require appointment of counsel are not present, *Wilborn*, 789 F.2d at 1331, *accord Palmer*, 560 F.3d at 970, and the Court will deny Plaintiff's motion accordingly.

**IV.**

For the aforementioned reasons,

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel, (Doc. 112), is hereby **DENIED**.

Dated this 12th day of May, 2016.

James A. Teilborg
Senior United States District Judge