WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eulandas J Flowers, | No. CV-14-08184-PCT-JAT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Sandra Lawrence, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Eulandas J. Flowers's Motion to Stay (Doc. 118). Plaintiff asks the Court to stay the upcoming bench trial on the issue of exhaustion "[w]hile his Motion for Appointment of Counsel and Request for Production" are processed. (*Id.* at 1). Plaintiff asserts that both are pending.

The Court has "discretionary power to stay proceedings in its own court under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), the Ninth Circuit established a framework from which to analyze a motion to stay:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which

could be expected to result from a stay.

*Id.* at 268. Having reviewed Plaintiff's motion, the Court finds that Plaintiff has failed to show that he would "suffer sufficient hardship or inequity" from having to proceed to bench trial on June 16, 2016. *Schneider v. Sutter Amador Hosp.*, 621 Fed. Appx. 480, 481 (9th Cir. 2015).

One of Plaintiff's principal reasons in support of a stay is his Motion for Appointment of Counsel. (Doc. 112). Plaintiff asks that if the Court were to grant his motion, his appointed counsel be given time to prepare for trial. The Court, however, denied Plaintiff's motion in an May 12, 2016 Order, (Doc. 117), having found that Plaintiff failed to establish that "exceptional factors" were present requiring that counsel be appointed. (*Id.* at 4). Plaintiff cannot rely on the adjudicated motion to support a stay.

Plaintiff further asserts that the June 16 bench trial should be stayed due to the fact that his request for production of documentary evidence is still "pending." (Doc. 118 at 1). The docket reflects a May 5, 2016, entry for "Notice of Second Request for Production of Documents" filed by Plaintiff, in which Plaintiff requested that Defendants' counsel "provide[] a copy of 4/04/14 DVD – Disc #15, Disc #16" of Plaintiff's "emergency grievance." (Doc. 115 at 1). But this entry is not "pending" in the sense that the Court must adjudicate the motion,[1] and does not support entering a stay.

Plaintiff's stated reasons are insufficient to demonstrate "hardship or inequity" in "being required to go forward." *Lockyer*, 398 F.3d at 1109 (citation omitted). Further, Plaintiff has nearly a month to prepare for the bench trial on a single issue: whether Plaintiff exhausted his available administrative remedies in accordance with the Prison Litigation Reform Act. This is a reasonable time for Plaintiff to prepare for trial. Moreover, staying the trial will not simplify any issues, proof, or questions of law, and will delay resolution of this matter unnecessarily. Having considered Plaintiff's motion and the circumstances of the case, the Court finds that it is neither efficient nor the "fairest course for the parties to enter a stay." *Levya v. Certified Grocers of California*,

---

[1] Plaintiff has not filed a motion to compel production of certain documents.

- 2 -

*Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Accordingly, the Court will deny Plaintiff's motion.

Based on the foregoing

**IT IS ORDERED** that Plaintiff's Motion to Stay, (Doc. 118), is hereby **DENIED**.

Dated this 17th day of May, 2016.

_____
James A. Teilborg
Senior United States District Judge