WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Eulandas J Flowers, | No. CV-14-08184-PCT-JAT (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Sandra Lawrence, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Eulandas J. Flowers's "Motion for Guidance." (Doc. 120). In his motion, Plaintiff requests two forms of relief from the Court: (1) that the joint Proposed Final Pretrial Order, due June 3, 2016, be extended five (5) days; and (2) for assistance regarding a document production request. The Court addresses each in turn.

Plaintiff first asks the Court to give him five additional days to prepare for a May 20, 2016, meeting scheduled between the parties in order to produce a joint Proposed Final Pretrial Order in advance of the June 16, 2016, bench trial on the issue of exhaustion. (Doc. 120 at 1). Plaintiff states that due to his inability to utilize the e-filing system, he only learned of the Court's Order setting the bench trial on May 11, 2016, five days after the Order was issued. (*Id.*). The Court acknowledges Plaintiff's predicament, but will not alter the dates set in the May 5, 2016, Order. (Doc. 116). The joint Proposed Final Pretrial Order is due by June 3, 2016. (*Id.* at 2). The Final Pretrial Conference for the bench trial only will be held on Wednesday, June 8, 2016. (*Id.* at 1). The bench trial

on the issue of exhaustion will be held on Thursday, June 16, 2016. (*Id.*). Plaintiff's request is akin to a motion to stay, and the Court finds that Plaintiff has not demonstrated that he would "suffer sufficient hardship or inequity" having to proceed on the current schedule. *Schneider v. Sutter Amador Hosp.*, 621 Fed. Appx. 480, 481 (9th Cir. 2015). Even taking into account the delay in receiving the Order, Plaintiff still had nine days to draft his contributions to the joint Proposed Final Pretrial Order.

Plaintiff next appears to ask the Court for assistance regarding a discovery issue. Plaintiff states that he has yet to receive "a copy of the video grievance . . . at issue to review and prepare for the [trial] as requested from [Defendants]." (Doc. 120 at 2). The Court is unable to grant Plaintiff any relief based on the motion filed. The Court observes that on May 5, 2015, a "Notice of Second Request for Production of Documents" was made by Plaintiff concerning DVDs allegedly containing video of Plaintiff's "emergency grievance." (Doc. 115). If a discovery dispute exists between the parties, the Court refers Plaintiff to page three of Magistrate Judge Willett's Fed. R. Civ. P. 16(b) Scheduling Order:

> ***Discovery Disputes***: Motions on discovery matters are *strongly discouraged*. Parties are directed to LRCiv 7.2, which prohibits filing discovery motions unless parties have first conferred in good faith, in person or by telephone, and attempted to resolve any discovery difficulties. If the parties cannot reach a resolution, they may file a motion. Motions, responses and replies shall *not exceed six (6) pages* each, and must comply with Federal Rule of Civil Procedure 37 and LRCiv 37.1. Discovery motions will not be considered after the discovery deadline.

(Doc. 49 at 3). The Court encourages Plaintiff to follow the procedures set forth in the above-cited portion of the Scheduling Order.

Finally, Plaintiff asks that the Court be cognizant of the fact that "e-filing delivery and pick-up at this Unit [are] only done on Wednesdays." (Doc. 120 at 3). Thus, if the Court issues an Order requiring that Plaintiff undertake some substantive action *after* Wednesday, that he be allotted an appropriate time to complete the requirement, given the restriction on when he receives the Court's Order. The Court will endeavor to remain

1 aware of this limitation.

2   For these reasons,

3   **IT IS ORDERED** that Plaintiff's Motion For Guidance, (Doc. 120), is hereby **DENIED**.

5   Dated this 18th day of May, 2016.

James A. Teilborg
Senior United States District Judge